**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,  )
                                    )
                Plaintiff,  )
                                    )
            v.  )        Case No.  26-00062-01/04-CR-W-BP
                                    )
ROBERT C. CLIFTON, et al.,  )
                                    )
            Defendants.  )

## <u>ORDER</u>

On February 25, 2026, the Grand Jury returned a nineteen-count Indictment against Defendant Craig O. Curns and three co-defendants.  (Doc. 19)

On March 23, 2026, Defendant Curns filed a motion seeking a continuance from the April 20, 2026, trial setting until the November 30, 2026, trial docket.  Defense counsel states that the defendants have not yet received discovery.  Defendant Curns' counsel's trial calendar prevents this matter from being tried before the November 30, 2026, docket.  The Government, Defendant, and all Co-defendants consent to this continuance request.[1]

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last.  18 U.S.C. § 3161(c)(1) (Speedy Trial Act).  In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded.  Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the

---

[1]Counsel for Co-Defendant Beamon advised by email dated March 24, 2026, that Defendant Beamon did not object to the proposed date.

best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding.  *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to November 30, 2026, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, and thus, would deny the defendants a right to effective assistance of counsel.  The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

For these reasons, it is

ORDERED that Defendant Curns' motion for continuance is granted.  (Doc. 50)  This case is removed from the Joint Criminal Trial Docket which commences on April 20, 2026, and is set for trial on the Joint Criminal Jury Trial Docket which commences on November 30, 2026.  It is further

ORDERED that a pretrial conference is set for November 4, 2026.  The time of the conference will be provided later.  It is further

ORDERED the time between the date of this Order and December 11, 2026, the last day of the November 30, 2026, Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE