IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-00062-01-CR-W-BP |
| | ) | |
| ROBERT C. CLIFTON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On February 13, 2026, Defendant Robert Clifton was named in a Complaint charging him in Count 1 – Conspiracy to Distribute Fentanyl and Cocaine, and he was ordered to be detained during the pendency of his criminal proceedings shortly thereafter.  (Docs. 3, 17)  On March 11, 2026, Defendant filed a Motion for Reconsideration of Order of Detention.  (Doc. 44)  Defendant argues that he is not a flight risk or a danger to the community.  (Doc. 44)  Defendant specifically alleges that his ties to the community, lack of criminal or violent history, history of stable employment, and resolution of outstanding warrants suggest that Defendant is not a danger to the community and that conditions can be set to assure the safety of the community and his appearance as required.  (Doc. 44)  Attached to the motion is an affidavit from Defendant's father that confirms that any firearms belonging to the father have been removed from Defendant's residence.  (Doc. 44-1)  The Government opposes Defendant's motion and argues that Defendant remains a danger to the community.  (Doc. 51)  The Government asserts that Defendant has not identified any significant change in circumstances or new evidence to rebut the presumption of detention.  (Doc 51)  In his reply, Defendant emphasizes that conditions may be set that will reasonably assure his appearance as required and the safety of any other person or the community.  (Doc. 54)

1

Under 18 U.S.C. § 3142(f), a detention hearing

> may be reopened… after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Having fully considered the factual information which formed the basis of the original decision to detain Defendant, including the Complaint and Complaint Affidavit (Docs. 1, 1-1),[1] the Pretrial Services Report (Doc. 15), the transcript of the February 25, 2026, preliminary and detention hearings (Doc. 49), the Order of Detention Pending Trial (Doc. 17), Defendant's motion and attached affidavit (Doc. 44), the Government's opposition (Doc. 51), and Defendant's reply (Doc. 54), the Court finds that the information originally justifying detention remains largely the same and that, to the extent Defendant offered any new information, such information does not change the Court's determination.

At the February 25, 2026, detention hearing, Defendant made corrections to the Pretrial Services Report, specifically clarifying that the income listed was not accurate, and that the date of his last cocaine use was possibly a few days prior to his arrest. (Doc. 49, pp. 19-20) The Government offered a proffer that upon execution of a search warrant at Defendant's home, investigators found firearms, magazines, and live rounds of ammunition in a closet of the home, as well as a white powder substance on an island in the same closet, and that at the time of his arrest, Defendant was in possession of a user amount of cocaine while walking around his neighborhood. (Doc. 49, pp. 19-21) The Government also proffered that a Child Protective

---

[1] Since the date of the detention hearing, an Indictment was filed that charges Defendant in Count 1 - Conspiracy to Distribute Fentanyl and Cocaine, which largely mirrors Count 1 of the Complaint, as well as Counts 15, 17, and 19 – Distribution of Cocaine, Count 16 – Distribution of Fentanyl, and Count 18 - Possession of Firearms in Furtherance of Drug Trafficking Crime. (Doc. 19)

Services report in 2024 reported that Defendant's minor child had been exposed to cocaine, and for that reason, Defendant's contacts with the child were supervised. (Doc. 49, p. 21) In response, Defense Counsel stated that Defendant was in the process of trying to hire someone to challenge the test finding that the child was exposed to cocaine as a medical doctor and forensic individual found them to be inaccurate. (Doc. 49, p. 22) Defendant also asserted that additional firearms in a safe belonged to his father and had been removed from the residence.[2] (Doc. 49, p. 24) With these corrections and proffers, both the Government and Defendant stipulated to the factual contents of the Pretrial Services Report as being the direct testimony of the Pretrial Services Officer, who was present in the courtroom. (Docs. 16, 49, pp. 18, 39-40)

The Government and Defendant also stipulated that, with two corrections, Detective Todd Boly would testify consistently with the Complaint Affidavit. (Doc. 49, pp. 2-3) The Complaint Affidavit recounts Defendant's alleged involvement in the conspiracy and highlights that not only was Defendant involved in the sale of cocaine and fentanyl (Doc. 3-1, ¶¶ 40, 46, 49), his residence was used as a venue to conduct drug transactions (Doc. 3-1, ¶¶ 31, 32, 40-41, 44, 54-55). Investigators, through a confidential informant, purchased cocaine from Defendant on two documented occasions, totaling nearly 60 grams for $2,600. (Doc. 3-1, ¶¶ 54-59) During one of the purchases, the confidential informant witnessed two AR-15's and a handgun in the same closet that Defendant stored his cocaine, as well as Defendant snorting multiple lines of cocaine during the transaction. (Doc. 3-1, ¶ 56) Defendant also advised the confidential informant that he could get him fentanyl. (Doc. 3-1, ¶ 59)

At the detention hearing Defendant requested pretrial release and asserted, *inter alia*, that: he has no criminal history; he has hired counsel to address his warrants; all firearms have been

---

[2] The affidavit attached to his motion is consistent with this information. (Doc. 1-1)

removed from the home; he has ties to the community and has been a lifelong resident of the area; and he would attend substance abuse treatment. (Doc. 49, pp. 28-30)

The Court found that the presumption of detention with respect to Count One of the Complaint, as to the danger to the community, had not been overcome, and that no condition or combination of conditions would assure the safety of the community. (Doc. 49, pp. 40-41; *see also* Doc. 17) In so finding, the Court specifically noted that Defendant had extended involvement in the charged conspiracy, including the involvement of a co-defendant and a family member in the purchase of cocaine, a co-defendant was residing with Defendant and selling drugs from his residence, significant amounts of guns and ammunition were found within the home, and Defendant has been using drugs for an extended period of time. (Doc. 49, p. 40) The Order of Detention also referenced Defendant's lack of stable employment, prior failures to appear in court, and cocaine in Defendant's pocket at the time of his arrest. (Doc. 17)

The only new information in Defendant's motion and reply that was unknown to him at the time of the initial detention proceeding is resolution of his warrants. Because this information does not require further development, the Court is in a position to make a ruling based on the briefing of Defendant's motion. While Defendant points to conditions that, from his perspective, guarantee the safety of the community and his appearance and argues that such conditions should be set, he has not presented anything that justifies reopening the detention hearing or changing the initial decision.

Notwithstanding that the information in Defendant's motion would have been known to him at the time of the detention hearing, except for the status of warrants addressed after the

4

hearing,[3] none of the information offered alleviates the Court's concerns regarding Defendant's danger to the community. Accordingly, the Court stands by the original determination (Doc. 17) and finds that Defendant has not rebutted the presumption of detention as to his danger to the community and therefore detention is still warranted. It has been established by clear and convincing evidence that there is no condition or combination of conditions of release that will reasonably assure the safety of any other person and the community, and it is therefore

ORDERED that Defendant Clifton's Motion for Reconsideration of Order of Detention (Doc. 44) is denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE

---

[3]Even accepting as true, resolution of warrants is not material to the issue of whether there are conditions of release that would reasonably assure the safety of any other person and the community, the only prong upon which Defendant was detained. (*See* Doc. 17)